# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

MARTIN ROFILA,

    Petitioner,

v.

PATRICK GARTLAND, Warden,[1]

    Respondent.

CIVIL ACTION NO.: 5:18-cv-10

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's failure to keep the Court apprised of any change in his address. For reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** this action for Petitioner's failure to prosecute and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Petitioner leave to appeal *in forma pauperis*.

## BACKGROUND

On November 13, 2017, Petitioner, then a detainee at the Folkston Processing Center in Folkston, Georgia, filed this action pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Florida. (Doc. 1.) On November 15, 2017, United States Magistrate Judge Patrick A. White of the Southern District of Florida recommended that the case

---

[1] The only proper respondent in this Section 2241 action is the inmate's immediate custodian—the warden of the facility where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Patrick Gartland is the Warden at the at the Folkston Processing Center, the Clerk is **AUTHORIZED** and **DIRECTED** to change the name of the respondent to Patrick Gartland, Warden, upon the docket and record of this case.

be transferred to this Court. (Doc. 3.) That Report and Recommendation was returned as undeliverable because Petitioner was no longer at that facility. (Doc. 5.) All subsequent pleadings in this case, including the Southern District of Florida's Order adopting the Report and Recommendation and transferring the case to this Court, have also been returned as undeliverable. (Docs. 8, 11.) Petitioner has not notified the Court of his change of address or made any effort to inform the Court of his whereabouts. Indeed, Petitioner has not taken any action in this case since the initial filing over eight months ago.

## DISCUSSION

The Court must now determine how to address Petitioner's failure to update his address and his failure to prosecute this action. For the reasons set forth below, I recommend that the Court **DISMISS** the Petition and **DENY** Petitioner leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Prosecute.**

A district court may dismiss a Petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims,

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may apply to a Petitioner's habeas Petition to the extent the Civil Rules are not inconsistent with the Section 2254 Rules. Further, the Section 2254 rules may be applied to Section 2241 Petitions. Rule 1(b) of the Rules Governing Section 2254 Cases.

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, here, the Court notified Petitioner that it may dismiss his Petition if he failed to pay the requisite filing fee or move to proceed *in forma pauperis*. (Doc. 10.)

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. See also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (per curiam) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not

respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Petitioner having failed to update the Court with his current address, the Court has no means by which it can communicate with Petitioner. Thus, the Court is unable to move forward with this case. Moreover, Petitioner has been given ample time to notify this Court of his whereabouts, and Petitioner has not made any effort to do so. Indeed, he has not taken any action in this case since the original filing. Accordingly, the Court should **DISMISS without prejudice** Petitioner's Section 2241 Petition due to his failure to prosecute.

**II.     Leave to Appeal *in Forma Pauperis*.**

The Court should also **DENY** Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Petitioner *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** this action and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought

before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED** and **RECOMMENDED**, this 1st day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA